Yeates, J.
The matter must be judged of under the offer of the parol evidence, and the exception taken thereto. The improvements are said to have been made on distinct contiguous tracts, by a man without children. The defendant’s application in November 1766 is very minute and particular. It designates Thompson and Nelson as abounding thereon, and it includes the defendant’s house and other improvements generally, without restriction. It therefore excludes the tract in controversy. Is not then the defendant concluded under such circumstances, by the lines he has himself established ? If he is so bound, can I deny that the evidence offered confers no right, and is therefore irrelevant ? The testimony strikes my mind as giving not a shadow of title to the defendant, and if heard, it could answer no purpose whatever. (2 Bos. and Pull. 525.) I therefore feel myself bound to overrule it.
Smith, J.
Having formerly been concerned as counsel, between another plaintiff and this defendant, wherein the title to these lands came in question, I have hitherto declined giving any opinion in this case. On the abstract question, however, I am compelled to declare, that I perfectly concur in the opinion which has just been delivered.
At the instance of the defendant’s counsel, the court adjourned the further hearing of the cause. During the adjournment, a *590 compromise took place between the parties, and at the meeting of the court, by consent, a verdict was given for the plaintiff.
Cited jn 3 P. & W. 433 in support of the proposition that the exercise of acts of ownership for any length of time, will not raise such a presumption of a grant from the Commonwealth, as to be of itself a good title.
Messrs. Hamilton and Duncan, pro quer.
Messrs. Clark and Brown, pro def.